IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELAINE CHARLESTON and
BARBARA SENKO,

    Plaintiffs,

v.

SW PALOS HOSPITALITY, LLC,
SMP HOSPITALITY, LLC, and
SHASHANK BHATT,

    Defendants.

No.

JURY TRIAL DEMANDED

## COMPLAINT

### Introduction

1. This is an action for failure to pay time-and-a-half overtime wages to plaintiffs Elaine Charleston and Barbara Senko by defendants SW Palos Hospitality, LLC, SMP Hospitality LLC, and Shashank Bhatt, brought pursuant to the provisions of the federal Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* ("the FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction because plaintiffs have asserted claims arising under federal law pursuant to the provisions of the FLSA. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. 216(b) and 28 U.S.C. 1331. The Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because the unlawful employment practices described herein were committed in the Northern District of Illinois and all parties are residents of the Northern District of Illinois.

## Parties

4. Plaintiff Elaine Charleston is an Illinois resident who resides in the Northern District of Illinois and was employed by defendant SW Palos Hospitality, LLC at the location known as its Palos Motel. From time to time she was directed by defendant to work at motels owned by SW Palos Hospitality, LLC or related companies at the locations known as Matteson Presidential and Miami-Oak Lawn. At all times her work was performed at the direction and under the control of manager and defendant Shashank Bhatt. She last worked for defendants on or about June 5, 2019.

5. Plaintiff Barbara Senko is an Illinois resident who resides in the Northern District of Illinois and was employed by defdendant SW Palos Hospitality, LLC at the locations known as the Palos Motel and by defendant SMP Hospitality, LLC at the location known as Lyons Presidential. At all times her work was performed at the direction and under the control of manager and defendant Shashank Bhatt. She last worked for defendants on or about May 27, 2019.

6. Defendant SW Palos Hospitality LLC is an Illinois corporation with operations in the Northern District of Illinois. Defendant SW Palos Hospitality LLC owns and operates the Palos Motel where plaintiffs were employed. Defendant SW Palos Hospitality LLC has been the employer of plaintiffs within the meaning of the FLSA, the Illinois Minimum Wage Law, and the Illinois Wage Payment and

Collection Act. Defendant SW Palos Hospitality LLC has been an agent engaged in interstate commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. 203(s)(1).

7. Defendant SMP Hospitality LLC is an Illinois corporation with operations in the Northern District of Illinois. Defendant SMP Hospitality LLC owns and operates the Lyons Presidential Motel where plaintiff Barbara Senko was employed. Defendant SMP Hospitality LLC was the employer of plaintiff Barbara Senko within the meaning of the FLSA, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act. Defendant SMP Hospitality LLC has been an agent engaged in interstate commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. 203(s)(1).

8. Defendant Shashank Bhatt controls and is responsible for the operations of defendant SW Palos Hospitality LLC and the Palos Motel, defendant SMP Hospitality LC and the Lyons Presidential Motel, and the Matteson Presidential and Miami-Oak Lawn motels. Accordingly, he is deemed an employer of plaintiffs pursuant to the provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/13.

### Facts

9. During their employment with the defendants, plaintiffs Elaine Charleston and Barbara Senko regularly worked more that forty (40) hours per week but were not paid time-and-a-half wages for their overtime hours.

10. Plaintiffs were paid semi-monthly (twice a month).

11. At all locations where plaintiffs worked for defendants, defendants engaged in a scheme under which, if plaintiffs worked more than eighty (80) hours in a pay period, they were paid for only eighty (80) hours of work at straight-time, and their overtime hours were rolled over to following pay periods until they were added into a time period where there total hours would not amount to more than eighty (80) hours in the pay period. They were paid only straight-time, not time-and-a-half, for their overtime hours when this was done. This scheme was carried out deliberately to make it appear, falsely, that plaintiffs were not working overtime hours and were not entitled to time-and-a-half wages.

12. As a result of defendants' actions, plaintiffs lost thousands of dollars in unpaid overtime wages.

13. By failing to pay plaintiffs time-and-a-half wages when they worked more than forty (40) hours per week, defendants violated the overtime pay provisions of the FLSA, 29 U.S.C. 207(a)(2) and the Illinois Minimum Wage Law, 820 ILCS 105/4a.

14. Upon plaintiff Elaine Charleston's separation from employment with defendants, defendants failed to pay the wages that were then due and owing to her, as required by the Illinois Wage Payment and Collection Act, 820 ILCS 115/5.

15. Upon plaintiff Barbara Senko's separation from employment with defendants, defendants failed to pay the wages that were then due and owing to her, as required by the Illinois Wage Payment and Collection Act, 820 ILCS 115/5.

COUNT I – FLSA ACTION

16. Plaintiffs re-allege and incorporate by reference paragraphs 1-15 of this Complaint as paragraphs 1-15 of this Count I.

17. This Count I is brought against defendants SW Palos Hospitality LLC and SMP Hospitality LLC.

18. By failing to pay time-and-a-half wages to plaintiffs when they worked more than forty (40) hours per week, defendants took from them wages due to them and violated the provisions of the FLSA.

19. Defendants acted willfully in failing to pay plaintiffs time-and-a-half wages when they worked more than 40 hours per week.

20. Defendants' violation of law cost plaintiffs thousands of dollars.

21. Under the provisions of the FLSA, defendants are liable to pay plaintiffs their unpaid overtime wages, an equal amount for liquidated damages, and reasonable attorney's fees and costs.

## COUNT II – ILLINOIS MINIMUM WAGE LAW ACTION

22. Plaintiffs re-allege and incorporate by reference paragraphs 1-21 of this Complaint as paragraphs 1-21 of this Count II.

23. This Count II is brought against defendants SW Palos Hospitality LLC and SMP Hospitality LLC.

24. By failing to pay the time-and-a-half overtime wages due to plaintiffs when they worked more than 40 hours per week, defendants took from them wages due to them and violated the provisions of the Illinois Minimum Wage Law.

25. Under the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/12, defendants are liable to pay plaintiffs their unpaid overtime wages, treble

damages, five percent (5%) of those wages for each month they have gone unpaid, and reasonable attorney's fees and costs.

### COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT

26. Plaintiffs re-allege and incorporate by reference paragraphs 1-25 of this Complaint as paragraphs 1-25 of this Count III.

27. This Court III is brought against all defendants, SW Palos Hospitality LLC, SMP Hospitality LLC, and Shashank Bhatt.

28. By failing to pay the final wages due to plaintiffs upon the termination of their employment with defendants, defendants violated and are violating the provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/5.

29. At all times relevant hereto, the Illinois Wage Payment and Collection Act, 820 ILCS 115/14, has provided that an employer that fails to pay final wages to an employee shall owe, in addition to those wages, an amount equal to two percent (2%) of those wages for every month they are unpaid and has provided than an employee not paid final wages may recover reasonable attorney's fees and costs in a civil action.

WHEREFORE, plaintiffs Elaine Charleston and Barbara Senko pray for judgment against defendants SW Palos Hospitality LLC, SMP Hospitality LLC, and Shashank Bhatt:

(a) an accounting showing the number of overtime hours worked by plaintiffs;

(b) payment of the unpaid overtime wages due to plaintiffs;

(c) an equal amount paid to plaintiffs as liquidated damages under the

FLSA;

(d) treble damages pursuant to the Illinois Minimum Wage Law;

(e) five percent (5%) of the amount of unpaid overtime wages due to plaintiffs for each month they have been unpaid, due under the Illinois Minimum Wage Law;

(f) two percent (2%) of the amount of unpaid overtime wages due to plaintiffs for each month they have been unpaid, under the Illinois Wage Payment and Collection Act;

(g) pre-judgment and post-judgment interest;

(h) reasonable attorney's fees and costs; and

(i) such other relief s the Court shall find just.

PLAINTIFFS DEMAND TRIAL BY JURY

By: /s/ Paul Strauss
Attorney for plaintiffs Elaine Charleston and Barbara Senko

Paul Strauss
5525 S. Woodlawn Ave.
Chicago, IL 60637
(773) 551-5350
pstr1968@gmail.com
ARDC No. 6181436